OSCAR LUSTIG ET AL., DEFENDANTS IN ERROR, v. JULIUS MEIRICK, PLAINTIFF IN ERROR.

Argued July 3, 1911—Decided March 4, 1912.

1. An agreement in writing to pay to real estate brokers the sum of $250 for their services to procure an exchange of real estate is a sufficient and substantial compliance with that part of the tenth section of the statute of frauds and perjuries, requiring the rate of commission on the dollar to be stated in such writing, the real object of this requirement being to achieve a fixed compensation.

2. The plaintiffs, real estate brokers, were authorized by the Success Realty Company, in writing, November 22d, 1909, to procure an exchange of certain of its real estate for certain real estate owned by one Katz, for which the plaintiffs were to receive $250 for their services, to be paid by a note to be made on December 1st, 1909, payable in three months after date. This authority in writing was signed immediately after the parties to the agreement to exchange properties had signed such agreement, it being stipulated therein that the actual exchange of the properties shall be made on December 1st, 1909. On December 1st, 1909, when the parties met to consummate the exchange, the Success Realty Company was unable to convey to Katz the number of feet frontage called for by the agreement, and Katz refused to make the exchange on that account. The plaintiffs intervened and were successful in bringing the parties

together upon the changed condition. After the exchange of properties had taken place, a promissory note dated December 2d, 1909, was made by the defendant to the plaintiffs, in pursuance of the written authority given by the company to the plaintiffs November 22d, 1909. *Held*, that the authority given by the Success Realty Company to the real estate brokers to procure the exchange of properties contemplated future services to be performed by them and which they did perform, and, in this respect, this case is clearly distinguishable from *Stout* v. *Humphrey*, 40 *Vroom* 436, and therefore the note was devoid of consideration.

On error to the Supreme Court.

For the plaintiff in error, *Philip J. Schotland.*

For the defendants in error, *Samuel F. Leber.*

The opinion of the court was delivered by

KALISCH, J. The writ of error in this case brings under review a judgment of the Supreme Court, affirming a judgment of the Second District Court of Newark.

The controversy between the parties grew out of a refusal on the part of the defendant to pay to the plaintiffs the sum of $250, which was the sum agreed upon as a commission, to be paid to the plaintiffs, who are real estate brokers, by the Success Realty Company, a corporation, of which the defendant was president, for their services in bringing about an exchange of real estate belonging to the Success Realty Company for real estate owned by one Katz. The agreement for the exchange of the properties was made and executed on November 22d, 1909, and provided that the exchange of the real estate should be finally consummated on December 1st, 1909.

Almost simultaneously with the signing of the exchange agreement by the parties thereto the Success Realty Company made and executed the following agreement, which, in point of time, was signed immediately after the exchange agreement had been signed:

"NEWARK, N. J., November 22, 1909.

"I hereby agree to pay to Lustig & Marx, as commission for their services in the exchange of property of the Success Realty Company on Garside street in this city, the sum of two hundred and fifty dollars; said payment to be made by means of my promissory note to them for three months from December 1, 1909, for that amount.

"(Signed)   SUCCESS REALTY COMPANY,<br>"JULIUS M. MEIRICK, <em>President.</em>"

On December 1st, 1909, the parties met to close the transaction, by making and executing deeds for the properties agreed to be exchanged, when it was objected by Katz that there was a material discrepancy as to the dimensions of the land agreed to be conveyed to him by the Success Realty Company, and those stated in its deed, and that unless the realty company allowed him $1,000 for the number of feet short from what was agreed to be conveyed to him by it, he would refuse to take the property. This the realty company refused to do. As the matter then stood the Success Realty Company was unable to deliver a deed to Katz in accordance with its agreement with him, and therefore it was not enforceable against him. It was then that the plaintiffs made renewed efforts to bring the parties together upon a new basis—that is, that Katz exchange his property for that of the Success Realty Company, accepting a less frontage thereof than had originally been agreed to, and upon the same terms, and in which efforts they were successful. The deeds were then executed by both parties. In pursuance of the agreement made by the Success Realty Company with the plaintiffs, the following promissory note was made:

"NEWARK, N. J., Dec. 2nd, 1909.

"$250.00   Three months after date I promise to pay to the order of Lustig & Marx two hundred fifty and no/100 dollars, at my office, Metropolitan Building, Newark, N. J.

"(Signed)   J. M. MEIRICK.<br>"(Endorsed)   LUSTIG & MARX."

It is urged by the plaintiff in error that the trial court erred in finding upon the facts for the plaintiff below for two reasons:

*First.* That the agreement to pay commissions is in violation of the tenth section of the statute of frauds and perjury and therefore void, because it does not state the rate of commission on the dollar, as required by the statute.

*Second.* That it appears that the agreement in writing to pay the plaintiffs for their services was not executed until after the services for which the Success Realty Company agreed to pay them had been performed by them, and, consequently, was *nudum pactum* because of the tenth section of said statute.

As to the first ground relied upon by the plaintiff in error for a reversal of the judgment, involving an attack upon the validity of the agreement because it fails to set out the rate of commission on the dollar, suffice it to say that this contention is without real merit. The real purport of the statute was to definitely fix the compensation of real estate agents and brokers, and therefore it requires the rate of commissions to be paid to be stated in their written authority. It is obvious that the requirement to state the rate of commission is only a method to ascertain the compensation to be made. It was partly upon this theory that it was held by the Supreme Court, in *Mendles* v. *Danish,* 45 *Vroom* 333, that if the price and compensation were both fixed by the agreement with the real estate agent it was not necessary to state the rate of commission. Although the court there says that the reason this is not necessary is because the rate of commission can be computed from the sums thus fixed, the better view would seem to be that where the amount of compensation is definitely fixed by the agreement, it becomes wholly unnecessary to state the rate of commission, as the only purpose in doing it is to provide a means of ascertaining what in such instance is already fixed, and the precise means thus prescribed cannot be resorted to where land is exchanged for land without any valuation in "dollars" or their equivalent.

The aim of the statute was to protect vendors against exorbitant charges made by brokers or agents. No such result can follow where the compensation to be paid is definitely fixed in the agreement, and, consequently, it becomes wholly immaterial to state the means by which the fixed compensation was ascertained.

The case, *sub judice,* is an apt illustration that it is not the design of the statute that there should be a literal compliance with its requirement, in that "the rate of commission on the dollar" should be stated in the written authority to the broker or agent. Here was an exchange of real estate. The compensation to be paid to the brokers was fixed at $250. The services to be performed by them was to bring about such an exchange. No valuation on the real esate to be exchanged was fixed. It is therefore self-evident that to have stated in the agreement the rate of commission on the dollar to be paid would not have been helpful to fix the compensation to be paid. But, on the contrary, it would have left the compensation to be made indefinite and thus the very object which the statute sought to prevent would be defeated.

The statute invoked does not only provide for the sale of real estate, but also for the exchange thereof, and therefore in order to give it its full force and effect, regard must be had to where there is a substantial compliance with its true spirit, and the compensation for the exchange is definitely fixed, there is full compliance therewith.

The second reason urged by the plaintiff in error for a reversal of the judgment rests on a fallacious basis. It is assumed by counsel for defendant below that at the time the authority to the plaintiffs was signed they had fully performed their services. If this were so, then undoubtedly this case would fall within the ruling of *Stout* v. *Humphrey,* 40 *Vroom* 436; *Bagnole* v. *Madden,* 47 *Id.* 255; *Shields* v. *Sterrat,* 48 *Id.* 404.

. But the case *sub judice* differs materially in its facts from what appeared in the cases cited, and therefore is not controlled by them. In the case under consideration, the services contracted to be paid for were the services in procuring the

exchange of the properties. It is equally clear that the parties to the commission agreement did not regard the services of the brokers at an end, but contemplated continued services to be rendered by them until the exchange should be actually consummated. This is evidenced by the terms of the commission agreement entered into between the plaintiffs and the Success Realty Company. The exchange was not to take place until December 1st, 1909. The note mentioned in the agreement to pay for the commissions was not to be given until the exchange had actually taken place, and bears date December 2d, 1909. That the brokers were still continuing their services in the matter is further evidenced by the fact that when Katz refused (and it seems properly so) to make the exchange because the Success Realty Company could not convey the requisite feet of frontage agreed to be conveyed by it to Katz, the brokers' again took up the task of bringing the parties together upon the changed condition and succeeded therein.

These views lead to an affirmance of the judgment.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BERGEN, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, JJ. 10.

*For reversal*—None.